# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| James Sailer, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING DEFENDANT** |
| | ) | **MORTON COUNTY'S MOTION** |
| vs. | ) | **TO DISMISS** |
| | ) | |
| Department of the United States Army, | ) | |
| North Dakota's Political Subdivision, | ) | |
| Morton County, and United States | ) | |
| Veterans Administration, | ) | Case No. 1:05-cv-074 |
| | ) | |
| Defendants. | ) | |

Before the Court is Morton County's Motion to Dismiss filed on November 8, 2005. For the reasons set forth below, the motion is granted.

## I.  BACKGROUND

On June 1, 2005, plaintiff, James Sailer, filed a pro se complaint in North Dakota state district court in the Southeast Judicial District, alleging the following:

> Complaint For: Racketeer Influenced and Corrupt Organizations Act claim and Leading a criminal association, under section 12.1-06.1-02, and 12.1-06.1-05 involving criminal conspiracy, criminal attempt, actual fraud, criminal libel and slander, forgery, and aggravated assault.
> On July 15, 1971 at the Armed Forces Induction Center at Fargo, N.D., army personnel Sfc. Normal Bruce, Msg. Kenneth L. Moore, and 1Lt. R.F. Lee, secretively breached James Sailer's Armed Forces enlistment contract with the U.S. Army, with the use of actual fraud. Subsequently lead to a slanderous discharge report for that term of service, (July 14, 2971 to Oct. 25, 1973), which prevented enlistment opportunity.
> On March 30, 1976 at Mandan, N.D., Morton county, county judge William G. Engelter, Verterans service officer John W. Swanson, and sheriff Leo Snider, committee the offenses of forgery, criminal libel and slander, by secretively forging an application and hospitalization order to the V.A. hospital where permanent physical injury took place.

1

>On March 31, 1976 to May 19, 1976, V.A. medical employees aggravated assaulted the plaintiff with the use of criminal libel and slander and by treating the plaintiff with drugs and EEG test that can cause death, because they didn't obey their medical authority on their use.
>Than on July 14, 1986, March 5, 2003, and July 1, 2004, Paul Benson, Karen K. Klein, Rodny S. Webb, and Daniel L. Hovland, the U.S. Federal court judges at Fargo and Bismarck, N.D., forged and slandered the judgment documents of the case. William K. Suter of the U.S. Supreme court did the same on Aug. 11, and Sept. 3, 2003.

See Docket No. 1, Attachments.

On June 14, 2005, the United States filed a Notice of Removal with the United States District Court for the District of North Dakota. On July 21, 2005, the Court received a letter from Sailer which the Court treated as a motion to remand. On August 8, 2005, the Court denied Sailer's motion to remand. On September 19, 2005, the United States filed a motion to dismiss asserting that the Court lacked subject matter jurisdiction and that Sailer failed to state a claim upon which relief can be granted. On, November 2, 2005, the Court granted the United States' motion to dismiss.

On November 8, 2005, Morton County filed a motion to dismiss. Sailer has not responded to Morton County's motion. The Court notes that pursuant to Local Rule 7.1, failure to file a brief may be deemed an admission that the motion is well-taken.[1]

The Court notes Sailer has brought two previous cases alleging similar claims, both of which were ultimately dismissed. See Sailer v. Dept. of U.S. Army, et al., 1:04-cv-053 (D. N.D. 2004); Sailer v. United States, et al., 3:86-cv-01 (D. N.D. 2003). The record reveals that Civil No. 3:86-cv-01 was dismissed by the Court on July 14, 1986, "with prejudice except for any subsequent well

---

[1] On August 26, 2005, and on September 16, 2005, the Court received mail returned from the address Sailer had given the Court. On October 17, 2005, Sailer provided an updated address to the Court and the documents previously returned to the Court were re-sent to Sailer. See Docket Nos. 7 & 9 and file remark dated October 17, 2005. On November 11, 2005, the Court received a letter from Sailer requesting the return of his exhibits and notifying the Court of a new mailing address.

pleaded, substantive claims over which the court may have jurisdiction." Sailer filed a petition seeking reconsideration in Civil No. 3:86-cv-01 in 2003. The petition was dismissed by order of the Court on March 5, 2003. The record also reveals that Civil No. 1:04-cv-053 was dismissed by the Court on July 1, 2004.

## II.   LEGAL DISCUSSION

Morton County asserts three grounds for the dismissal of Sailer's claims. First, Morton County asserts that the claims are barred by the statute of limitations. Second, Morton County asserts that Sailer's claims are barred by the doctrines of issue preclusion, res judicata and/or laches. Finally, Morton County asserts that Sailer has failed to state a claim upon which relief can be granted.

Sailer's cause of action regarding Morton County appears to have arisen in 1976. If Sailer was not aware that his cause of action had accrued at that time, he was clearly aware of it in 1986 when he initiated Civil No. 3:86-cv-01 (D.N.D. 1986) and in 2004 when he initiated Civil No. 1:-04-cv-053 (D. N.D. 2004). The claims asserted by Sailer in the present case appear to arise out of the same facts and circumstances as the claims asserted in Civil No. 3:86-cv-01 and Civil No. 1:04-cv-053.

Morton County also contends that Section 12.1-06.1-05(7) of the North Dakota Century Code sets forth the applicable statute of limitations. Section 12.1-06.1-05(7) provides, as follows:

> Notwithstanding any law to the contrary, the initiation of civil proceedings related to violations of any offense included in the definition of racketeering or a violation of section 12.1-06.1-02 or 12.1-06.1-03 must be commenced within seven years of actual discovery of the violation.

N.D.C.C. § 12.1-06.1-05(7). It appears Sailer is attempting to file an action based upon the Racketeer Influenced and Corrupt Organizations Act (RICO) as well as several criminal statutes. Regardless of the legal theory or applicable statute of limitation, Sailer's claims are barred because no statute of limitation allows for an action to be brought after nearly thirty years. "Just determinations of fact cannot be made when, because of the passage of time, the memories of witnesses have faded or evidence is lost." Wilson v. Garcia, 471 U.S. 261, 271 (1985). Too much time has passed since Morton County's alleged wrongdoing. Consequently, the Court finds that Sailer's claims are time-barred regardless of what statute of limitations period applies. As such, the Court need not address the issues of res judicata and collateral estoppel or the issue of whether Sailer has stated a claim for relief.

### III.  CONCLUSION

The Court **GRANTS** Morton County's Motion to Dismiss (Docket No. 13) and finds that Sailer's claims against Morton County are barred by the statute of limitations.

**IT IS SO ORDERED.**

Dated this 14th day of December, 2005.

_____
Daniel L. Hovland, Chief Judge
United States District Court